**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Plumbers & Pipefitters Local No. 396 Combined Fund,** | ) | **CASE NO. 4:10 CV 1936** |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | ) | |
| **State Line Plumbing and Heating, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| Defendants. | ) | |

This matter is before the Court upon plaintiff's Motion for Summary Judgment (Doc. 24). For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

Plaintiff, Plumbers & Pipefitters Local No. 396 Combined Fund, filed this Complaint against defendants, State Line Plumbing and Heating, Inc. and David Nolfi. The latter has been previously dismissed from this action.

Plaintiff filed this action to collect fringe benefits contributions, liquidated damages and other costs pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185, and Sections 515 and 502 of the Employee Retirement Income Security Act

1

(ERISA), 29 U.S.C. §§1145 and 1132. Plaintiff is the collection agency established under collective bargaining agreements for a number of multi-employer benefit funds as defined by ERISA.

The affidavit of Timothy Myers, plaintiff's Fund Administrator, establishes that pursuant to the relevant collective bargaining agreement, defendant's failure to make timely required monthly remittances of fringe benefits to plaintiff subjects the untimely contributions to liquidated damages equal to 10% of the untimely remitted contributions.  Defendant failed to timely remit fringe benefit contributions to plaintiff for the months of February, March and April 2010, thereby owing plaintiff liquidated damages in the total amount of $2,332.56.

The affidavit of attorney Dennis Haines establishes that his law firm expended 46 hours on this matter commencing with the notification of defendant of delinquency on July 20, 2010, through the preparation of plaintiff's Motion for Summary Judgment, at the rate of $250.00 per hour for a total of $11,500.00 in attorney's fees.  Additionally, $350.00 were expended by the law firm in court filing fees.

This matter is now before the Court on plaintiff's Motion for Summary Judgment.

**Standard of Review**[1]

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477

---

[1] The Court notes that this Motion for Summary Judgment was filed in April 2011 and, thus, is subject to application of the recent revision of Fed.R.Civ.P. 56, effective December 1, 2010. The advisory comments concerning the 2010 amendments clearly state, however, that the "standard for granting summary judgment remains unchanged."

U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial.  If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial

3

does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

### **Discussion**

Plaintiff seeks to recover liquidated damages in the amount of $2,332.56, costs in the amount of $350.00, and attorney's fees in the amount of $11,500.00. Plaintiff also asks for interest at the federal rate.

The affidavit of plaintiff's Fund Administrator establishes that defendant failed to timely remit fringe benefit contributions to plaintiff for the months of February, March and April 2010, thereby owing plaintiff liquidated damages in the total amount of $2,332.56.

Pursuant to 29 U.S.C. § 1132(g)(2), an award of attorney's fees and costs is mandatory in this type of action. "The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir.2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The party requesting fees bears the burden to submit adequate documentation of the hours reasonably expended and the reasonable hourly rate of pay for attorneys who worked on the case. *Trustees of the Painters Union Deposit*

*Fund v. Interior/Exterior Specialist, Co.,* 2011 WL 204750 (E.D.Mich.January 21, 2011) (citing *Hensley,* 461 U.S. at 433).

Affiant attorney Dennis Haines incorporates the law firm's billing transaction statement setting forth a description of the 46 hours of work performed on plaintiff's behalf showing a total of $11,500.00 in attorney's fees. Affiant attorney Joseph Kondela of the law firm identifies the work he personally performed on behalf of plaintiff in this case. Attorney Haines also provides copies of cases in this District wherein his law firm was granted attorney's fees at the rate of $250.00 per hour in fringe benefit collection actions. Additionally, the affidavit establishes that $350.00 were expended by the law firm in court filing fees.

Defendant has not opposed the motion. Therefore, there is no dispute of material fact. Having reviewed the motion and supporting evidence, the Court finds that summary judgment is appropriate.

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Summary Judgment is unopposed and granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/9/11